# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN L. BROWN,**

    **Petitioner,**

v.                                          **CIVIL ACTION NO. 1:12cv32**
                                             **(Judge Keeley)**

**TERRY O'BRIEN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

## I. BACKGROUND

On February 27, 2012, the *pro se* petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.C. § 2241 raising claims regarding the conditions of his confinement at USP Hazelton.[1] On that same date, petitioner received a Notice of Deficient Pleading. On March 15, 2012, petitioner filed a Motion for an Extension of Time to respond to the Notice of Deficient Pleading. On March 27, 2012, the motion was granted by the Court, ordering the petitioner to comply with the Notice of Deficient Pleading by May 15, 2012. The petitioner failed to comply with the Notice of Deficient Pleading and was sent an Order to Show Cause on May 22, 2012, granting the petitioner fourteen (14) days to show cause why his case should not be dismissed without prejudice. On June 5, 2012, the petitioner submitted a Motion for Writ of Assistance, alleging actions of prison officials and staff are preventing him from submitting documents on time. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL

---

[1] The petitioner was incarcerated at USP Hazelton in Bruceton Mills, West Virginia when he filed his petition. However, on March 15, 2012, the petitioner notified the Court that he had been transferred to FCI Beckley, which is located in Beaver, West Virginia. (Doc. 6, p. 2).

P 83.09.

## II. PETITION

The petitioner alleges numerous allegations regarding the conditions of his confinement. Petitioner alleges he was placed in the Special Housing Unit ("SHU") for long periods that are "atypical and imposes a significant hardship." Moreover, petitioner alleges the SHU is unclean and uninhabitable. Petitioner alleges he is denied weekly visits from prison staff. Additionally, while in the SHU, petitioner alleges he is only permitted clean bedding and clothes once a month. Petitioner also alleges he is denied religious-based meals, as well as access to a law library and items for mailing. Accordingly, petitioner alleges he is being denied access to the courts due to purposeful mishandling of his mail by prison staff.

## III. ANALYSIS

A petition under 28 U.S.C. § 2241 must be filed in the district of incarceration. United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Therefore, because the petitioner was incarcerated within the judicial district of the United States District Court for the Northern District of West Virginia when the petition was filed, this Court continues to have jurisdiction over this matter even though the petitioner has been transferred out of this district.

However, the petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of

imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[2] and pay the $350.00 filing fee.

Even if the Court were to grant petitioner's Motion to Proceed *in forma pauperis* and Motion for Writ of Assistance, the motions would ultimately become moot because the petitioner incorrectly filed a Bivens action under §2241.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and that his pending Motion to Proceed *in forma pauperis* (Doc. 2) and Motion for Writ of Assistance (Doc. 14) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

---

[2]In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

*pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: June 13, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE